

# Exhibit List

FILED IN OPEN COURT 9-1-98

✓ Government    ___Plaintiff    ___Defendant    ___Court

| Exhibit No. | Date Identified | Date Admitted | Witness | Objections | Description |
|---|---|---|---|---|---|
| 1 | 9/1/98 | 9/1/98 | | | Complaint from New York |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Case Number: 98-99-CR-ORL-19A  Style: _____

348

U.S. District Court
Middle District of Florida

**GOVERNMENT EXHIBIT**

Exhibit No.: 1
Case No. 98-99 CR CRL

19A

v.

Date Identified: 9/1/98
Date Admitted: 9/1/98

Approved: _MICHAEL E. HOROWITZ_
MICHAEL E. HOROWITZ
Assistant United States Attorney

Before: HONORABLE THEODORE H. KATZ  **96 MAG. 0925**
United States Magistrate Judge
Southern District of New York

------------------------------------x

UNITED STATES OF AMERICA,          :    **COMPLAINT**

    - v -                         :    Violation of
                                         18 U.S.C. § 751
SHOLAM WEISS,                      :
                                        COUNTY OF OFFENSE:
                 Defendant.     :    NEW YORK

------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    RONALD G. GARDELLA, being duly sworn, deposes and says that he is a Criminal Investigator with the United States Attorney's Office, Southern District of New York, and charges as follows:

    On or about April 7, 1996, in the Southern District of New York, SHOLAM WEISS, the defendant, unlawfully, wilfully, and knowingly did escape and attempt to escape from the custody of the Attorney General and her authorized representative, and from an institution and facility in which he was confined by direction of the Attorney General, to wit, the defendant, after obtaining a furlough from the Le Marquis Community Corrections Center in order to travel to Monsey, New York to be with his wife and children to celebrate a religious holiday, instead travelled with a female companion to a casino in Atlantic City, New Jersey without the permission of the Bureau of Prisons.

    (Title 18, United States Code, Section 751.)

    The bases for my knowledge and for the foregoing charges, are, in part, as follows:

    1.    I am a Criminal Investigator with the United States Attorney's Office for the Southern District of New York. This affidavit is made for the limited purpose of obtaining an arrest warrant. Therefore, I have not set forth each and every fact that I have learned during the course of this investigation. Furthermore, any conversations referred to herein are related in part and in substance only.

    2.    I have reviewed a copy of the Judgment of Conviction in the case of _United States_ v. _Sholam Weiss_, S1 92

Cr. 890 (CSH). According to that Judgment, on or about November 10, 1994, SHOLAM WEISS, the defendant, was sentenced by United States District Judge Charles S. Haight, Jr., in connection with his conviction on seven (7) counts of mail fraud to a period of incarceration of eight (8) months, to be followed by a three (3) year period of supervised release.

3. I have reviewed records of the Bureau of Prisons which indicate that, after various court-approved delays in his surrender date, SHOLAM WEISS, the defendant, surrendered to the custody of the Bureau of Prisons on or about November 2, 1995 to begin serving his eight month prison sentence, and that he was subsequently incarcerated at the Allenwood Federal Prison Camp in Allenwood, Pennsylvania.

4. I have reviewed records of the Bureau of Prisons which indicate that, on or about March 29, 1996, after serving approximately five (5) months of his eight month sentence, the defendant was transferred to the custody of the Le Marquis Community Corrections Center (the "Le Marquis"), a halfway house located in Manhattan. Those records further reveal that, while being confined at the Le Marquis, the defendant was given authorization to leave the center on numerous occasions either for religious observance or to allow him to work.

5. On or about April 2, 1996, approximately four days after he had been transferred from the Allenwood prison to the Le Marquis, SHOLAM WEISS, the defendant, applied for and received a furlough from the Le Marquis to allow him to celebrate the Passover holiday with his family in Monsey, New York. The furlough permitted the defendant to leave the Le Marquis on April 3, 1996 at 4:00 p.m. and required that he return to the Le Marquis by April 7, 1996 at 9:00 p.m. The furlough permitted the defendant to visit Goldie Weiss at her home in Monsey, New York. According to the records of the Bureau of Prisons, Goldie Weiss is the defendant's wife and she resides in Monsey, New York with their five children.

6. In connection with the approval of this furlough, SHOLAM WEISS, the defendant, was required to sign an "Understanding," in which he acknowledged that he was "authorized to be only in the area of the destination shown above [namely, his wife's home in Monsey, New York] and at ordinary stopovers or points on a direct route to or from that destination." He further acknowledged that:

> "my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed as escape from the custody of the

2

Attorney General, punishable as provided in Section 751 of Title 18, United States Code."

7. I have reviewed records recently obtained from the Trump Plaza Hotel and Casino in Atlantic City, New Jersey (the "Trump Plaza"). According to those records, at around midnight on or about April 7, 1996, SHOLAM WEISS, the defendant, arrived at the Trump Plaza. Those records further reveal that the Trump Plaza provided the defendant with complimentary roundtrip transportation to Atlantic City by chartering a Lear jet from La Guardia Airport, for which the Trump Plaza was billed in excess of $6,500. The records of the Trump Plaza additionally indicate that the defendant was provided with a complimentary room, valued at over $700, during his stay on or about April 7, 1996. According to Trump Plaza records, the room was originally reserved in the defendant's name but was subsequently changed to the name of a second person -- a female individual ("Person 1") who I have since learned is not related to the defendant. The Trump Plaza records show that the defendant and Person 1 checked out of the hotel during the afternoon of April 7, 1996, and flight records indicate that they were then flown back to La Guardia Airport.

8. According to casino records of the Trump Plaza, during their visit to the Trump Plaza on or about April 7, 1996, SHOLAM WEISS, the defendant, gambled with approximately $10,000 in cash and Person 1 gambled with in excess of $60,000 in cash.

9. Criminal investigators from the United States Attorney's Office recently spoke with Person 1. During those conversations, Person 1 admitted that she was with SHOLAM WEISS, the defendant, in Atlantic City, New Jersey on or about April 7, 1996. According to Person 1, she and the defendant were flown from New York to Atlantic City in a jet and that they stayed together in a complimentary room that was provided to them by the Trump Plaza. Person 1 further indicated that the defendant gave her the large sums of cash that she gambled with at the Trump Plaza.

10. I have reviewed the records of the Le Marquis and, according to those records, SHOLAM WEISS, the defendant, did not receive permission to leave the area of his wife's residence on or about April 7, 1996 in order to travel to Atlantic City, New Jersey.

3

WHEREFORE, deponent prays that a warrant be issued for the arrest of the above-named defendant and that he be arrested and imprisoned, or bailed, as the case may be.

_RONALD G. GARDELLA_
Criminal Investigator
United States Attorney's Office

Sworn to before me this
16th day of May, 1996.

S/ _Theodore N. Katz_
UNITED STATES MAGISTRATE JUDGE

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4