# TRANSCRIPT OF PROCEEDINGS

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 98-99-CR-ORL-19A

UNITED STATES OF AMERICA,

PLAINTIFF(S)

VS.

SHOLAM WEISS, ET AL.,

DEFENDANT(S)



------------------------------

MOTION FOR HEARING TO DETERMINE WHEN DEFENDANTS
OBTAINED POSSESSION, CUSTODY AND CONTROL OF TAPE
RECORDINGS TO BE OFFERED FOR EITHER CASE IN CHIEF,
IMPEACHMENT, OR REFRESHING RECOLLECTION

BEFORE:                KARLA R. SPAULDING,
                       U.S. MAGISTRATE JUDGE

DATE:                  MAY 19 1999

TIME STARTED:          12:30 - 1:15 P.M.

UNITED STATES COURTHOUSE
80 NORTH HUGHEY AVENUE
ORLANDO, FLORIDA  32801

# Realtime Reporters, Inc.

Registered Professional Reporters
Certified Video Technicians

1013




1188 Fox Forrest Circle • Apopka, Florida 32712 • (407) 884-4662 • FAX (407) 884-4664

Sandra A. Dawkins, President
Professional Reporting Since 1977

Registered
Professional
Reporter


Orlando

```
 1                    A P P E A R A N C E S

 2

 3   JUDY HUNT, AUSA

 4

 5
              ON BEHALF OF THE PLAINTIFF.
 6

 7   JOEL HIRSCHHORN, ESQUIRE
     RICHARD HERMAN, ESQUIRE, PRO SE
 8   KENNETH KUKEC, ESQUIRE
     EDWIN IVY, ESQUIRE
 9   JOHN DILL, ESQUIRE
     BRUCE ALTER, ESQUIRE
10   CLARK MERVIS, ESQUIRE

11

12

13

14              ON BEHALF OF THE DEFENDANTS.

15

16

17

18

19

20

21

22

23

24

25
```

1           P R O C E E D I N G S

2           THE CLERK:  CASE NUMBER 98-99-CR-ORL-19A,

3    UNITED STATES OF AMERICA VERSUS SHOLAM WEISS, ET

4    AL.

5           COUNSEL, PLEASE STATE YOUR NAMES FOR THE

6    RECORD.

7           MS. HUNT:  JUDY HUNT FOR THE UNITED STATES.

8           MR. HIRSCHHORN:  JOEL HIRSCHHORN FOR SHOLAM

9    WEISS.

10          MR. KUKEC:  KENNETH KUKEC FOR JAN

11   SCHNEIDERMAN, WHO IS PRESENT IN THE COURTROOM.

12          MR. ALTER:  BRUCE ALTER AND CLARK MERVIS FOR

13   JAN STARR.

14          MR. IVY:  EDWIN IVY AND JOHN DILL FOR KEITH

15   POUND.

16          MR. HERMAN:  RICHARD HERMAN, PRO SE.

17          THE COURT:  AND I DO NOTE FOR THE RECORD THAT

18   MR. WEISS IS HERE, MS. SCHNEIDERMAN IS HERE.  DOES

19   MR. POUND WAIVE HIS PRESENCE?

20          MR. IVY:  YES, YOUR HONOR.

21          THE COURT:  WE ARE HERE ON THE MOTION FOR A

22   HEARING TO DETERMINE WHEN DEFENDANTS OBTAINED

23   POSSESSION, CUSTODY AND CONTROL OF TAPE RECORDINGS

24   TO BE OFFERED FOR EITHER CASE IN CHIEF,

25   IMPEACHMENT OR REFRESHING RECOLLECTION.

1    BASED UPON THE ASSERTIONS IN THE MOTION, THIS

2    PERTAINS -- OR AT LEAST PERTAINED AT THE TIME IT

3    WAS FILED TO ONLY ONE TAPE DESIGNATED AS TAPE 17.

4        IS THAT STILL THE ONLY TAPE WE ARE HERE ON,

5    MS. HUNT?

6        MS. HUNT:  YOUR HONOR, MAY I BE SEATED?

7        THE COURT:  YES.

8        MS. HUNT:  YOUR HONOR, WE WERE ATTEMPTING TO

9    INTERPRET THE COURT'S ORDER.  MY UNDERSTANDING IS

10   THAT IN YOUR PARAGRAPH TWO THAT THE COURT WOULD

11   ONLY ENTERTAIN THIS MOTION WITH REGARD TO TAPE

12   RECORDINGS THAT WERE MADE AVAILABLE TO ORIGINAL

13   TAPE RECORDINGS MADE AVAILABLE TO THE UNITED

14   STATES BEFORE -- OR ON OR BEFORE MAY 17, 1999.

15       TO THIS DATE, WE HAVE STILL ONLY RECEIVED ONE

16   ORIGINAL TAPE RECORDING.  IF I AM MISINTERPRETING

17   THE COURT'S ORDER, I WOULD LIKE TO HAVE IT

18   CONSIDERED WITH REGARD TO ALL TAPE RECORDINGS IN

19   THE DEFENDANTS' POSSESSION.

20       THE COURT:  NO.  THE ORDER, AS I EXPLAINED IT

21   ON THE RECORD LAST TIME, IS THIS:  RECIPROCAL

22   DISCOVERY ONLY INCLUDES TAPE RECORDINGS THAT ANY

23   DEFENDANT INTENDS TO INTRODUCE IN HIS OR HER CASE

24   IN CHIEF AT TRIAL; NOT TAPE RECORDINGS THAT WILL

25   BE USED SOLELY TO CROSS-EXAMINE A WITNESS, OR TO

1   REFRESH A WITNESS' RECOLLECTION, BUT WHICH WILL

2   NOT BE OFFERED AS SUBSTANTIVE EVIDENCE.

3        MY ORIGINAL RECIPROCAL DISCOVERY ORDER

4   REQUIRED THAT ALL RECIPROCAL DISCOVERY, WHICH IS

5   ONLY EVIDENCE INTENDED TO BE OFFERED IN A

6   DEFENDANTS' CASE IN CHIEF, MUST BE DISCLOSED ON OR

7   BEFORE APRIL 1ST, IF IT WAS THEN IN THE

8   POSSESSION, CUSTODY OR CONTROL OF THE DEFENDANT,

9   OR HIS OR HER COUNSEL.

10        THE ISSUE THAT WAS RAISED AT THE LAST HEARING

11  WAS, WHAT IF SOMETHING CAME INTO THE POSSESSION,,

12  CUSTODY OR CONTROL OF THE DEFENDANT, OR HIS OR HER

13  COUNSEL AFTER APRIL 1?

14        MY EARLIER ORDER ONLY SAID TIMELY

15  SUPPLEMENTED.  SO IN AN EFFORT TO MAKE THAT CLEAR,

16  I ESTABLISHED THE MAY 17 DATE AS THE DATE FOR

17  DISCLOSURE OF ANY RECIPROCAL DISCOVERY THAT THE

18  DEFENDANT DID NOT COME INTO POSSESSION TO ON OR

19  BEFORE APRIL 1ST.

20        MS. HUNT:  AGAIN, AS I UNDERSTAND IT, THERE

21  WERE, I BELIEVE, PROBABLY -- I DON'T HAVE THE

22  INVENTORY WITH ME, MR. HIRSCHHORN, SO CORRECT ME

23  IF I'M WRONG, BUT I THINK PROBABLY A DOZEN COPIES,

24  AND EXCERPTS, AND TRANSCRIPTS OF TAPES THAT WERE

25  PROVIDED TO US ON MAY 17, 1999, NONE OF WHICH WERE

1   PROVIDED TO US PRIOR TO APRIL 1ST, 1999.

2       SO WHAT I WOULD ASK, AND BECAUSE --

3       THE COURT:  LET ME INTERRUPT YOU, THOUGH.

4       MS. HUNT:  YES.

5       THE COURT:  THEY MAY HAVE SUPPLIED SOME OF

6   THAT IN ACCORDANCE WITH THE REQUIREMENT THAT THEY

7   DISCLOSE IMPEACHMENT EVIDENCE, OR TO REFRESH

8   RECOLLECTION, NOT AS RECIPROCAL DISCOVERY.  WAS IT

9   DESIGNATED?

10      MS. HUNT:  NONE OF THEM WERE DESIGNATED

11  EITHER WAY, YOUR HONOR.  SO I HAVE NO WAY OF

12  TELLING WHAT THE INTENDED USE IS FOR ANY OF THESE

13  TAPES OR TRANSCRIPTS.

14      THE COURT:  ALL RIGHT.  WHICH DEFENDANT WERE

15  COUNSEL TENDERED AT --

16      MS. HUNT:  WE ONLY HAVE RECEIVED TAPES AND

17  TRANSCRIPTS FROM MR. HIRSCHHORN.  WE STILL HAVE

18  NOT RECEIVED ANY TAPE OR TRANSCRIPT FROM MR.

19  KUKEC.

20      SO I WOULD ASSUME, AT THIS POINT IN TIME,

21  THEY ARE BARRED FROM USING THE TAPE THAT WAS THE

22  SUBJECT OF THE LAST HEARING DURING THEIR CASE IN

23  CHIEF.

24      THE COURT:  MR. HIRSCHHORN, WHAT'S BEEN

25  DISCLOSED THAT YOU INTEND TO HAVE BE RECIPROCAL

1    DISCOVERY VERSUS THE OTHER CATEGORIES I HAVE

2    TALKED ABOUT?

3         MR. HIRSCHHORN:  WELL, MAY I STAND HERE?

4         THE COURT:  CERTAINLY.

5         MR. HIRSCHHORN:  LET ME ANSWER YOUR QUESTION

6    FIRST.  THEN I HAVE A QUESTION FOR THE COURT.

7         THE COURT:  OKAY.

8         MR. HIRSCHHORN:  AS OF MAY 18, I HAVE TURNED

9    OVER TO THE GOVERNMENT ONE ORIGINAL TAPE, TAPE

10   NUMBER 17, OUR TAPE NUMBER 17.

11        THE COURT:  OKAY.

12        MR. HIRSCHHORN:  THREE COPIES OF TAPES, OUR

13   TAPES NUMBERS 28, 29 AND 30.

14        THE COURT:  COMPLETE TAPES OR PORTIONS?

15        MR. HIRSCHHORN:  COMPLETE TAPES.

16        THE COURT:  ALL RIGHT.

17        MR. HIRSCHHORN:  COMPLETE TAPES, AND 30 HAS

18   TWO SIDES.  SO THE GOVERNMENT HAS RECEIVED A TOTAL

19   OF FOUR TAPES IN THAT SERIES, BUT IT ONLY COVERS

20   THREE TAPES.

21        THE COURT:  GOT YOU.

22        MR. HIRSCHHORN:  I HAVE TURNED OVER TWO

23   EXCERPTS OF TAPES; ONE INVOLVING A CONVERSATION

24   BETWEEN MICHAEL BLUTRICH AND DAVID SCHICK, AND

25   ANOTHER ONE INVOLVING A CONVERSATION BETWEEN

1    MICHAEL BLUTRICH AND PATRICK SMYTHE.

2         THE COURT:  OKAY.

3         MR. HIRSCHHORN:  THOSE TWO, I INTEND TO OFFER

4    IN MY CASE IN CHIEF FOR SURE.  AND WITH RESPECT TO

5    THE ONE ORIGINAL TAPE, I MAY OFFER IN MY CASE IN

6    CHIEF.  I'M NOT SURE.

7         THE COURT:  ALL RIGHT.

8         MR. HIRSCHHORN:  I HAVE ALSO TURNED OVER

9    EIGHT FULL TRANSCRIPTS OF TAPE NUMBERS ONE, FOUR,

10   EIGHT, 12, 17, 28, 29 AND 30.

11        THE COURT:  OKAY.

12        MR. HIRSCHHORN:  FINALLY, I HAVE TURNED OVER

13   TWO EXCERPTS OF TRANSCRIPTS.  THESE TWO EXCERPTS

14   RELATE TO THE TWO EXCERPTS OF THE TAPES THAT I

15   HAVE REFERENCED ABOVE.

16        THE COURT:  RIGHT.

17        MR. HIRSCHHORN:  THE EXCERPTS ARE EXCERPTS OF

18   ONE CONVERSATION BETWEEN MICHAEL BLUTRICH AND

19   DAVID SCHICK, AND A SECOND CONVERSATION BETWEEN

20   MICHAEL BLUTRICH AND PATRICK SMYTHE.

21        THE COURT:  OKAY.

22        MR. HIRSCHHORN:  I HAVE IN FRONT OF ME -- I

23   JUST HAVEN'T HAD A CHANCE TO DO THE FINAL

24   REVIEW -- ONE OR TWO, I'M NOT SURE HOW MANY

25   TRANSCRIPTS AND A TAPE.  I'M JUST NOT SURE WHICH

1   ONE.  I NEEDED A LITTLE MORE TIME BEFORE THE

2   HEARING, BUT --

3       SO I'M TURNING OVER ADDITIONAL MATERIALS

4   TODAY, AND I CONTINUE TO READ AS DILIGENTLY AS I

5   CAN INTO THE WEE HOURS OF THE MORNING.  JUDGE,

6   THAT'S MY REPORT.

7       NOW, I HAVE A QUESTION, AND PART OF THE

8   REASON MY -- THERE HASN'T BEEN, PERHAPS, LITERAL

9   COMPLIANCE WITH THE COURT'S ORDER IS BECAUSE I WAS

10  A LITTLE CONFUSED, AND I THOUGHT PERHAPS THE

11  COMPUTER MIGHT HAVE DROPPED A WORD OUT OF ONE

12  OF THE --

13      THE COURT:  IT HAPPENS FROM TIME-TO-TIME.

14      MR. HIRSCHHORN:  PARAGRAPH TWO OF YOUR ORDER

15  READS:  EACH DEFENDANT IS PRECLUDED FROM

16  INTRODUCING, IN HIS OR HER CASE IN CHIEF, A

17  TAPE-RECORDING THAT FIRST CAME INTO THE

18  POSSESSION, CUSTODY OR CONTROL OF THE DEFENDANT,

19  OR HIS OR HER COUNSEL AFTER APRIL 1, 1999, UNLESS

20  THE ORIGINAL OF THAT TAPE-RECORDING IS MADE

21  AVAILABLE FOR INSPECTION, REVIEW AND COPYING BY

22  THE UNITED STATES ON OR BEFORE MAY 17, 1999.

23      NOW --

24      THE COURT:  THAT IS NOT A TYPOGRAPHICAL

25  ERROR.  THE ORIGINAL MOTION FOR RECIPROCAL

1    DISCOVERY REQUESTED DISCLOSURE OF THE TAPE

2    RECORDINGS.

3         WHILE I DIDN'T REFERENCE THAT SPECIFICALLY IN

4    MY ORDER WITH RESPECT TO THAT, I DID GRANT IT.

5    THERE WAS NO MOTION FOR A PROTECTIVE ORDER, AS YOU

6    KNOW IS PERMITTED, WITH RESPECT TO THAT.  SO I'M

7    SIMPLY INCORPORATING WHAT I UNDERSTOOD THE

8    ORIGINAL RECIPROCAL DISCOVERY ORDER REQUIRED.

9         MR. HIRSCHHORN:  BUT MY PROBLEM WAS, JUDGE,

10   IF YOU TAKE A LOOK AT PARAGRAPH FOUR, YOU SAY --

11   THE ORIGINAL PARAGRAPH FOUR SAYS:  THE ORIGINAL OF

12   EACH TAPE-RECORDING THAT ANY DEFENDANT MAY USE IN

13   HIS OR HER CASE IN CHIEF FOR IMPEACHMENT, OR TO

14   REFRESH A WITNESS' RECOLLECTION SHALL BE DELIVERED

15   TO AN EXPERT WITNESS FOR ANALYSIS.

16        I CAN'T DELIVER TWO ORIGINALS.  I ONLY HAVE

17   ONE ORIGINAL.  AND I THOUGHT --

18        THE COURT:  WELL --

19        MR. HIRSCHHORN:  CAN I JUST FINISH?  I'M

20   SORRY.  I DIDN'T MEAN TO INTERRUPT YOU.

21        THE COURT:  I'M SORRY.  GO RIGHT AHEAD, MR.

22   HIRSCHHORN.

23        MR. HIRSCHHORN:  I THOUGHT THAT THE COMPUTER

24   HAD DROPPED OUT A WORD, BECAUSE I THOUGHT THAT

25   THAT PARAGRAPH TWO MEANT EACH DEFENDANT IS

1    PRECLUDED FROM -- OR SHOULD HAVE READ:  EACH

2    DEFENDANT IS PRECLUDED FROM INTRODUCING, IN HIS OR

3    HER CASE IN CHIEF, A TAPE-RECORDING THAT FIRST

4    CAME INTO THE POSSESSION, CUSTODY OR CONTROL OF

5    THE DEFENDANT, OR HIS OR HER COUNSEL AFTER APRIL

6    1, 1999, UNLESS A COPY OF THAT TAPE-RECORDED

7    CONVERSATION --

8         IN OTHER WORDS, I'M NOT SPLITTING HAIRS,

9    JUDGE, BUT IF I GIVE THE GOVERNMENT THE ORIGINAL,

10   THEN EVERYTHING WE HAVE DONE TO TRY TO SET UP WHAT

11   I REFERRED TO, PERHAPS, INAPPROPRIATELY AS A

12   CHINESE WALL, BUT THAT'S THE GOVERNMENT'S PHRASE

13   FROM THE BEGINNING OF THIS CASE -- EVERYTHING WE

14   HAVE DONE TO SET UP THIS CHINESE WALL, IF I ONLY

15   WANT TO INTRODUCE CONVERSATION NUMBER FOUR ON A

16   TAPE THAT HAS TEN CONVERSATIONS, AND THIS ORDER

17   REQUIRES ME TO TURN OVER THE ENTIRE TAPE TO THE

18   GOVERNMENT, THEN I HAVE, IN ESSENCE, PERHAPS BEEN

19   REQUIRED TO PRODUCE EVIDENCE AGAINST MY CLIENT,

20   WHICH I SHOULD NOT BE REQUIRED TO DO, AND DEFEATS

21   THE PURPOSE OF SENDING THE TAPE, THE ORIGINAL

22   TAPE, TO THE EXPERT.

23        SO I THOUGHT WHEN WE LEFT HERE THAT ALL I

24   NEEDED TO DO WAS GIVE THE GOVERNMENT THE ORIGINAL

25   OF ANY TAPE WHERE I DIDN'T CARE WHAT WAS ON THE

1   REST OF THE TAPE, OR AN EXCERPT OF THE

2   CONVERSATION, THE SPECIFIC CONVERSATION, FROM A

3   PARTICULAR TAPE FOR THE GOVERNMENT TO HAVE WHILE I

4   SENT THE ORIGINAL ENTIRE TAPE TO THE EXPERT.

5       AND, AT THE SAME TIME, I THINK I'M UNDER SOME

6   COURT ORDER -- I KNOW I'M UNDER SOME COURT ORDER,

7   AND A RESPONSIBILITY TO THE COURT UNDER THE RULE

8   OF COMPLETENESS, IF I GIVE THE GOVERNMENT

9   CONVERSATION NUMBER FOUR ON A TAPE THAT HAS TEN

10  CONVERSATIONS, AND CONVERSATION TWO, AND

11  CONVERSATION NUMBER SEVEN CAN REASONABLY BE READ

12  AS, IN SOME WAY, COMPLETING CONVERSATION NUMBER

13  **FOUR, I SHOULD HAVE TO GIVE THEM AN EXCERPT OF**

14  THAT, TOO.  MAYBE I'M WRONG.

15      BUT WHAT CONFUSED ME, JUDGE, WAS HAVING TO

16  TURN OVER THE ORIGINAL TO THE GOVERNMENT AT THE

17  SAME TIME THAT I WAS SUPPOSED TO TURN OVER THE

18  ORIGINAL TO THE EXPERT.  OKAY?

19      THE COURT:  I UNDERSTAND YOUR CONFUSION.  LET

20  ME ADDRESS IT.

21      FIRST OF ALL, I DON'T REQUIRE YOU TO TURN

22  OVER THE ORIGINAL TO THE UNITED STATES.  IN

23  PARAGRAPH TWO, I REQUIRE YOU TO MAKE THE ORIGINAL

24  AVAILABLE FOR INSPECTION, REVIEW AND COPYING BY

25  THE UNITED STATES.  THAT WAS DONE INTENTIONALLY.

1   THAT'S IN ACCORDANCE WITH THE LANGUAGE OF RULE 16

2   SO THAT THE UNITED STATES COULD LOOK AT IT, MAKE

3   IT COPY OF IT, IF IT WISHED TO DO SO, AND THEN THE

4   ORIGINAL COULD BE DELIVERED TO MR. CONIG, THE

5   EXPERT, FOR ANALYSIS AT THE AS THE UNITED STATES

6   REQUESTED.

7       SO I DO NOT FIND A CONFLICT BETWEEN PARAGRAPH

8   TWO AND PARAGRAPH FOUR.

9       WITH RESPECT TO YOUR QUESTIONS ABOUT THE LAST

10  HEARING, LET ME TRY TO MAKE IT VERY CLEAR ONCE

11  AGAIN.

12      WE ARE TALKING ABOUT TWO DIFFERENT CATEGORIES

13  OF EVIDENCE; RECIPROCAL DISCOVERY DEFINED IN RULE

14  16 AS EVIDENCE THAT A DEFENDANT INTENDS TO USE IN

15  HIS CASE IN CHIEF.  FURTHER INTERPRETED BY ME TO

16  INCLUDE ANY EVIDENCE THAT WOULD BE USED TO PROVE

17  UP AN IMPEACHMENT, IF YOU WILL, WAS REQUIRED TO BE

18  DISCLOSED UNDER MY EXISTING RECIPROCAL DISCOVERY

19  ORDER BY APRIL 1, 1999.

20      THE UNITED STATES REQUESTED, AT THE TIME, IN

21  THE MOTION THAT LED TO THAT ORDER, THAT THE

22  ORIGINAL TAPE RECORDINGS BE DISCLOSED.  I GRANTED

23  THE MOTION.

24      THERE WAS NO MOTION FOR PROTECTIVE ORDER.

25  THEREFORE, THERE HAS BEEN OUTSTANDING, FOR SOME

1    TIME, A REQUIREMENT THAT THE ORIGINAL TAPE

2    RECORDINGS, IF IT WAS INTENDED TO BE USED IN ANY

3    DEFENDANT'S CASE IN CHIEF, BE TENDERED TO THE

4    UNITED STATES ON OR BEFORE APRIL 1, 1999.

5         ONE OF THE QUESTIONS PRESENTED AT THE LAST

6    HEARING WAS WHAT IF A DEFENDANT, OR HIS OR HER

7    COUNSEL CAME INTO POSSESSION OF THE TAPE-RECORDING

8    AFTER APRIL 1, 1999, THAT THE DEFENDANT INTENDED

9    TO USE IN HIS OR HER CASE IN CHIEF?

10        THIS ORDER IS INTENDED TO MAKE CLEAR THAT,

11   BECAUSE THERE WAS NO DATE BY WHICH SUPPLEMENTATION

12   MUST BE DONE, THAT IN ACCORDANCE WITH THE PRIOR

13   RECIPROCAL DISCOVERY ORDER, THE ORIGINAL OF ANY

14   TAPE-RECORDING TO BE USED IN ANY DEFENDANT'S CASE

15   IN CHIEF THAT CAME INTO THAT DEFENDANT'S, OR HIS

16   OR HER COUNSEL'S POSSESSION, CUSTODY OR CONTROL,

17   AFTER APRIL 1, 1999, NEEDED TO BE DISCLOSED TO THE

18   UNITED STATES ON OR BEFORE MAY 17, 1999, FOR

19   INSPECTION, REVIEW AND COPYING.

20        NOW, WITH RESPECT TO THE SECOND CATEGORIES OF

21   EVIDENCE THAT WE DISCUSSED, WHICH RELATED TO

22   PORTIONS OF TAPES, ALL OR PORTIONS OF TAPES THAT A

23   DEFENDANT MIGHT WISH TO USE IN CROSS-EXAMINATION,

24   OR TO REFRESH A WITNESS' RECOLLECTION, BUT WHICH

25   WOULD NOT THEN BE OFFERED INTO EVIDENCE, I

1    DISCUSSED THE 106 PROBLEM, THE RULE OF

2    COMPLETENESS, AND MR. KUKEC'S CONCERN THAT YOU

3    SHOULD NOT BE REQUIRED TO TURN THAT TYPE OF

4    EVIDENCE OVER SIGNIFICANTLY BEFORE THE DATE ON

5    WHICH IT WAS GOING TO BE USED.

6         AND I ISSUED AN ORDER THAT SAID YOU COULD

7    TURN OVER THE EXCERPT THAT YOU INTENDED TO USE IN

8    CROSS-EXAMINATION TO REFRESH A WITNESS'

9    RECOLLECTION TO THE UNITED STATES NO LATER THAN

10   THE CLOSE OF THE TRIAL DATE IMMEDIATELY PRECEDING

11   THE DAY ON WHICH THAT TAPE PORTION OF THE

12   TAPE-RECORDING WOULD BE USED, BUT TO SATISFY THE

13   RULE 106 CONCERNS RAISED BY THE UNITED STATES, YOU

14   SHOULD TENDER TO ME, IN CAMERA, THE FULL -- A COPY

15   OF THE FULL TAPE-RECORDING, AS WELL AS THE EXCERPT

16   YOU INTENDED TO DISCLOSE SO I COULD DO AN IN

17   CAMERA REVIEW TO ENSURE THAT THE EXCERPT WAS A

18   COMPLETE STATEMENT WITHIN THE SCOPE OF RULE 106.

19        WHAT IS UNCLEAR ABOUT THAT, MR. HIRSCHHORN?

20        MR. HIRSCHHORN:  YOUR HONOR, I DON'T HAVE ANY

21   PROBLEM WITH THE SECOND PART OF THAT.  THAT IS

22   ACTUALLY WHY I HAVE TURNED OVER SOME OF THESE

23   EXCERPTS, BUT I DON'T HAVE A PROBLEM WITH THAT

24   PART OF IT.

25        BACK TO MY FIRST CONCERN.  AS YOU HAVE,

1    AGAIN, EXPLAINED PARAGRAPH TWO, IT DOESN'T ADDRESS

2    MY CONCERN.  IT ADDRESSES PART OF MY CONCERN.  ALL

3    I HAVE TO DO IS PRODUCE THE ORIGINAL FOR THE

4    GOVERNMENT TO INSPECT, REVIEW AND COPY.

5        THE PROBLEM IS, IF TAPE NUMBER ONE HUNDRED,

6    AND THERE ARE NOT A HUNDRED TAPES, IF TAPE NUMBER

7    ONE HUNDRED HAS CONVERSATION NUMBER FOUR ON IT,

8    WHICH IS THE ONLY ONE I WANT TO INTRODUCE AT TRIAL

9    FOR WHATEVER REASON, AND CONVERSATIONS ONE THROUGH

10    THREE, AND FIVE THROUGH TEN ON TAPE 100 ARE EITHER

11    INCONSISTENT WITH MY THEORY OF DEFENSE, OR COULD

12    REASONABLY BE INTERPRETED AS COMPELLING ME TO

13    PROVIDE EVIDENCE AGAINST MY CLIENT, WHICH I'M NOT

14    OBLIGED TO DO, BECAUSE THE GOVERNMENT HAS THE

15    BURDEN OF PROOF, GIVING THEM THE ENTIRE TAPE TO

16    REVIEW AND COPY DEFEATS THE PURPOSE OF THE CHINESE

17    WALL.

18        MAYBE I DIDN'T MAKE MYSELF CLEAR.

19        THE COURT:  NO.  YOU MADE YOURSELF VERY

20    CLEAR.

21        MR. HIRSCHHORN:  SO THAT'S MY PROBLEM.  I

22    DON'T MIND GIVING THE GOVERNMENT -- I DON'T MIND

23    SHOWING THEM THE TAPES SO THEY CAN VISIBLY SEE

24    IT.  THEY CAN LOOK AT IT, MAKE WHATEVER NOTES ARE

25    ON THE OUTSIDE, COPY THE OUTSIDE OF THE BOX, BUT

1   IF THEY'RE GIVEN -- UNDER YOUR ORDER, IF THEY TAKE

2   POSSESSION OF IT FOR PURPOSES OF COPYING IT, OR

3   JUST LISTENING TO IT, I CAN'T LIMIT THEM TO JUST

4   THE ONE CONVERSATION I WANT THEM TO LISTEN TO

5   UNDER YOUR ORDER.

6        THE COURT:  I UNDERSTAND, MR. HIRSCHHORN.

7   LET ME TRY ONE MORE TIME.  FEDERAL RULE OF

8   CRIMINAL PROCEDURE 16B(1) PROVIDES IN PERTINENT

9   PART AS FOLLOWS:  UPON A SUFFICIENT SHOWING, THE

10  COURT MAY, AT ANY TIME, ORDER THAT THE DISCOVERY

11  OR INSPECTION BE DENIED, RESTRICTED, OR DEFERRED,

12  OR MAKE SUCH OTHER ORDER AS IS APPROPRIATE.

13       UPON MOTION BY A PARTY, THE COURT MAY PERMIT

14  THE PARTY TO MAKE SUCH SHOWING IN FULL OR IN PART

15  IN THE FORM OF A WRITTEN STATEMENT TO BE INSPECTED

16  BY THE JUDGE ALONE.

17       IF THE COURT ENTERS AN ORDER GRANTING RELIEF

18  FOLLOWING SUCH AN EX PARTE SHOWING, THE ENTIRE

19  TEXT OF THE PARTY'S STATEMENT SHALL BE SEALED AND

20  PRESERVED IN THE RECORDS OF THE COURT TO BE MADE

21  AVAILABLE TO THE APPELLATE COURT IN THE EVENT OF

22  AN APPEAL.

23       NO SUCH MOTION FOR PROTECTIVE ORDER, OR

24  MODIFYING ORDER WITH SUPPORTING AUTHORITY HAS BEEN

25  FILED.

1      I THINK IT MAY BE UNTIMELY TO DO SO NOW,

2  SINCE THE DATE FOR PRODUCTION UNDER THE ORDER HAS

3  PASSED, BUT IT SEEMS TO ME THIS IS THE ONLY REMEDY

4  THAT YOU HAVE IF, IN FACT, WE HAVE ISSUES THAT WE

5  ARE DEBATING ABOUT.

6      BUT BEFORE THE COURT HAS TO EVEN GET INTO THE

7  PROTECTIVE MODIFYING ORDER ISSUE, ASSUMING ONE IS

8  FILED, YOU HAVE TO IDENTIFY THOSE TAPES THAT YOU

9  WOULD USE IN YOUR CASE IN CHIEF VERSUS THOSE THAT

10  ARE FOR IMPEACHMENT, REFRESHING RECOLLECTIONS, NOT

11  TO BE OFFERED AS SUBSTANTIVE EVIDENCE.  IT SEEMS A

12  LITTLE UNCLEAR TO ME, BASED ON THESE THINGS THAT

13  YOU HAVE OUTLINED, WHICH GO INTO WHICH CATEGORY.

14      MR. HIRSCHHORN:  I UNDERSTAND.

15      THE COURT:  ALL RIGHT.  MS. HUNT.

16      MS. HUNT:  YES, YOUR HONOR.  I KNOW THAT WE

17  SEEM DENSE, BUT I JUST WANT TO MAKE SURE THAT I'M

18  CLEAR ON THE RECORD.  I'M HAVING MS. MICHAEL'S --

19  OH, SHE LEFT -- MY UNDERSTANDING IS THAT BY MAY

20  17, WE RECEIVED ONE TAPE, TAPE NUMBER 17, AND TWO

21  EXCERPTS OF TAPES.  THE ONE -- IT'S NOT A NUMBERED

22  TAPE, BUT IT'S DESCRIBED TO AS THE BLUTRICH SCHICK

23  TAPE AND THE BLUTRICH SMYTHE TAPE.

24      THE TRANSCRIPTS THAT WE ARE RECEIVING ARE NOT

25  EVIDENCE, AND HAVE NOT RECEIVED THOSE TAPES.  THE

1  OTHER FOUR TAPES THAT ARE REFERENCED, I'M HAVING

2  MS. MICHAEL'S CHECK.  I BELIEVE THOSE WERE

3  SURRENDERED AFTER MAY 17.

4      MR. HIRSCHHORN:  THAT'S NOT ACCURATE.  I HAVE

5  COPIES OF THE --

6      MS. HUNT:  IT IS MAY 17?  WELL, I WENT TO

7  CHECK.  I COULDN'T REMEMBER.

8      MR. HIRSCHHORN:  (INAUDIBLE).

9      MS. HUNT:  WELL, I DON'T WANT TO TALK TO

10  COUNSEL DURING THE HEARING.

11      THE COURT:  SO AFTER APRIL 1, 1999, BUT ON OR

12  BEFORE MAY 17, 1999, THE UNITED STATES RECEIVED

13  THE TAPES THAT HAVE BEEN DESIGNATED AS 17, 28, 29

14  AND 30?

15      MS. HUNT:  AND THE TWO EXCERPTS.

16      THE COURT:  AND TWO EXCERPTS.

17      MS. HUNT:  SO WITH REGARD TO THOSE, YOUR

18  HONOR, WE BELIEVE THOSE ARE APPROPRIATE FOR THE

19  COURT TO EXAMINE THE ISSUE AS TO WHETHER OR NOT,

20  IN FACT, THE DEFENDANT ONCE HAD THOSE IN HIS

21  POSSESSION, CUSTODY AND CONTROL, EITHER PERSONALLY

22  OR THROUGH HIS AGENT ON OR BEFORE APRIL 1, 1999,

23  WHICH WE BELIEVE THAT HE DID.

24      THE COURT:  WHY DO I HAVE TO MAKE THAT

25  INQUIRY WITH RESPECT TO THE EXCERPTS?

1     MS. HUNT:  I BELIEVE HE STATED HE WAS GOING

2  TO USE THOSE DURING HIS CASE IN CHIEF YOUR HONOR.

3     THE COURT:  YOU'RE ACCEPTING THAT AS A

4  DISCLOSURE, A PROPER DISCLOSURE UNDER --

5     THE COURT:  I AM NOT, BUT UNDER THE COURT'S

6  RULING WITH REGARD TO LATER ACQUIRED MATERIAL --

7  NO.  IF THEY WOULD HAVE HAD TO HAVE PRODUCED THE

8  ORIGINAL MAY 17 -- IF THE COURT'S INTERPRETING THE

9  ORDER, THEN I WOULD BELIEVE THOSE WOULD BE

10  BARRED.

11     THE COURT:  ALL RIGHT.

12     MS. HUNT:  SO THEN WE ARE ONLY TALKING, I

13  GUESS, ABOUT EXHIBIT 17, 28, 19 AND 30.

14     THE COURT:  29, I BELIEVE.

15     MS. HUNT:  29 AND 30, THE TWO EXCERPTS MAY,

16  AT THIS POINT, ONLY BE USED FOR CROSS-EXAMINATION,

17  OR IMPEACHMENT, OR REFRESHING MEMORY.

18     SO I WOULD ASK THE COURT, THEN, TO INQUIRE

19  WITH REGARD TO 17, 28, 29 AND 30 AS TO WHETHER OR

20  NOT, IN FACT, THE DEFENDANT, WEISS, HAD THOSE

21  TAPES PRIOR TO THE DISCOVERY CUT OFF DEADLINE.

22     I BELIEVE WE HAVE MADE A VERY BRIEF RECORD,

23  BUT I'LL REPEAT TO THE COURT, THE REASON FOR THE

24  GOVERNMENT'S GOOD FAITH BELIEF THAT THEY DID -- AS

25  THE COURT KNOWS, THERE'S BEEN ONGOING CONTROVERSY

1    ABOUT THE EXISTENCE OF THESE ALLEGED HUNDRED

2    TAPES.  THE GOVERNMENT AND THE DEFENSE HAVE KNOWN

3    THEY HAVE EXISTED FOR SOME TIME.

4         DEFENSE COUNSEL FILED REPEATED DISCOVERY

5    MOTIONS CLAIMING THAT THE GOVERNMENT HAD THEM.  WE

6    REPEATEDLY PUT ON THE RECORD THAT, ACCORDING TO

7    OUR GOVERNMENT WITNESSES, MICHAEL BLUTRICH AND

8    LYLE PFEFFER, THEY WERE STOLEN, IN FACT, BY SHOLAM

9    WEISS.

10        NOW, WHAT OUR CLIENTS -- NOT OUR CLIENTS, BUT

11   OUR WITNESSES HAVE BEEN REPEATING TO US FOR A

12   NUMBER OF YEARS HAS ENDED UP TO BE, AT LEAST,

13   PARTIALLY CONFIRMED.  IN FACT, THOSE TAPES ARE NOW

14   FOUND TO BE IN THE POSSESSION OF MR. WEISS.  THEY

15   CLAIM THEY WERE STOLEN BY HIM IN 1995 AND 1996.

16        NOW, WE BELIEVE -- AND, OF COURSE, THIS IS

17   ONLY A BELIEF, THAT THE REASON THAT THE GOVERNMENT

18   WAS DEMANDED TO PRODUCE THESE TAPES REPEATEDLY WAS

19   BECAUSE OF MR. WEISS' CONCERN THAT WE HAD COPIES

20   OF THEM.

21        AND NOT UNTIL AFTER NUMEROUS MOTIONS AND

22   HEARINGS, AND ON THE EVE WHEN MR. PFEFFER IS

23   APPEARING, AND ONCE MORE, WE CONFIRM ON THE

24   RECORD, WE DO NOT HAVE THESE TAPES, THEN THEY

25   MAGICALLY DO APPEAR IN MR. WEISS' POSSESSION TOO

1    LATE FOR US TO HAVE THE CHECK OF AUTHENTICITY THAT

2    WE HAVE BEEN CONCERNED ABOUT FOR A YEAR, TOO LATE

3    FOR THAT TO BE DONE, KNOWING THAT WE DO NOT HAVE

4    COPIES TO COMPARE, AND NOW INDICATING THEY HAVE

5    MAGICALLY BEEN FOUND, AND THEY ARE TO BE USED NOT

6    ONLY -- WE ARE CONCERNED, NOT ONLY FOR THE CASE IN

7    CHIEF, BUT OBVIOUSLY WE ARE CONCERNED ABOUT

8    POSSIBLY TAMPERED EVIDENCE BEING USED IN AN

9    ATTEMPT TO IMPEACH GOVERNMENT WITNESSES, AS WELL.

10        I UNDERSTAND THE COURT'S ORDER THAT WE WERE,

11   PERHAPS, NOT AS AGGRESSIVE AS WE COULD HAVE BEEN

12   IN DEMANDING THAT THOSE IMPEACHMENT TAPES BE

13   DELIVERED, BUT WE DID PUT IN OUR MOTION, IN OUR

14   DISCOVERY MOTION, SPECIFICALLY, TAPES TO BE USED

15   FOR IMPEACHMENT AS WELL IN OUR DISCOVERY MOTION,

16   AND WE ASK THIS COURT TO PAY PARTICULAR ATTENTION

17   TO THAT REQUEST.

18        PERHAPS WE WERE MISTAKEN IN OUR UNDERSTANDING

19   WHEN THE COURT GRANTED OUR MOTION THAT THAT

20   INCLUDED WHAT WE HAD REQUESTED, BUT THAT WAS OUR,

21   PERHAPS, MISINTERPRETATION OF THE COURT'S PRIOR

22   ORDER.

23        ON PAGE TWO OF OUR MOTION, WHICH WAS FILED IN

24   JANUARY OF 1992, WE SPECIFICALLY ASKED THAT THE

25   ORIGINALS OF ANY TAPE RECORDINGS THAT ANY DEFENSE

1  COUNSEL INTENDS TO USE, WHETHER FOR SUBSTANTIVE

2  EVIDENCE OR IMPEACHMENT, BE PRODUCED TO THE

3  GOVERNMENT BY THE RECIPROCAL DISCOVERY DEADLINE.

4  SO EVEN THOUGH THAT DOES NOT COVER -- ISN'T

5  COVERED SPECIFICALLY BY RULE 16, IN OUR MOTION WE

6  MADE A SPECIFIC DEMAND FOR THAT, AND WE MADE

7  SPECIFIC DEMANDS TO COUNSEL FOR THIS TYPE OF

8  MATERIAL FOR AN EXTENDED PERIOD OF TIME.

9  SO I DO BELIEVE THE GOVERNMENT HAS BEEN

10  HARMED HERE IN OUR INABILITY TO OBTAIN TIMELY

11  TESTING OF THESE TAPES.  AND GIVEN THE ESTIMATED

12  TIME GIVEN BY THE EXPERT FOR CHECKING THEM, IT IS

13  UNLIKELY THAT WE WILL HAVE THE RESULTS OF THE

14  EXAMINATION PRIOR TO THEIR ATTEMPTED USAGE.

15  SO WE WOULD ASK THE COURT TO RECONSIDER

16  WHETHER OR NOT, UNDER THESE UNIQUE CIRCUMSTANCES,

17  IN THE INTEREST OF JUSTICE, THE DEFENDANTS SHOULD

18  NOT HAVE BEEN REQUIRED TO HAVE PRODUCED THESE

19  TAPES IN A MORE TIMELY FASHION, AND TO INQUIRE, OF

20  COURSE, AS TO WHEN THEY ACTUALLY WERE IN MR.

21  WEISS' POSSESSION.

22  THE COURT:  WELL, I DON'T KNOW IF WE WILL GET

23  THROUGH THE MATTER THAT I SET FOR TODAY, SINCE MS.

24  HUNT HAS RAISED THE OTHER HALF OF THE MOTION WHICH

25  I DID NOT SET FOR TODAY, BUT SINCE IT CONTINUES TO

BE ARGUED, LET ME TRY ONE MORE TIME TO EXPLAIN THE RULING.

DID THE UNITED STATES RELY ON ANYTHING OTHER THAN FEDERAL RULE OF CRIMINAL PROCEDURE 16 IN SUPPORT OF ITS ORIGINAL MOTION FOR RECIPROCAL DISCOVERY THAT INCLUDED THE REQUEST FOR IMPEACHMENT MATERIAL?

MS. HUNT:  I DO NOT SEE ANY CITATION TO EITHER RULES OR CASE AUTHORITY IN THE GOVERNMENT'S MOTION, YOUR HONOR.

THE COURT:  SO THERE WASN'T EVEN A CITATION TO RULE 16?  I DON'T HAVE IT HERE IN FRONT OF ME.

MS. HUNT:  IT DOES NOT.  IT'S SIMPLY A MOTION FOR RECIPROCAL DISCOVERY.

THE COURT:  RECIPROCAL DISCOVERY IS UNDERSTOOD, I SUBMIT, TO THE CRIMINAL BAR, WHETHER IT BE PROSECUTION OR DEFENSE, TO RELATE TO THOSE MATERIALS DESCRIBED IN FEDERAL RULE OF CRIMINAL PROCEDURE 16B.

FEDERAL RULE OF CRIMINAL PROCEDURE 16B EXPLICITLY STATES THAT RECIPROCAL DISCOVERY IS LIMITED TO THE CATEGORIES DESCRIBED, WHICH THE DEFENDANT INTENDS TO INTRODUCE AS EVIDENCE IN CASE -- AS EVIDENCE IN CHIEF AT THE TRIAL.

IMPEACHMENT EVIDENCE CAN, INDEED, BE

1   INTRODUCED AS EVIDENCE IN CHIEF AT TRIAL UNDER

2   FEDERAL RULE OF EVIDENCE 13B, IF MEMORY SERVES ME

3   RIGHT, TO PROVE UP A PRIOR INCONSISTENT STATEMENT,

4   AMONG OTHER THINGS.

5       THEREFORE, THE GOVERNMENT'S REQUEST FOR

6   RECIPROCAL DISCOVERY, INCLUDING IMPEACHMENT

7   EVIDENCE, WAS NECESSARILY LIMITED BY FEDERAL RULE

8   OF CRIMINAL PROCEDURE 16B TO THAT WHICH IS DEFINED

9   AS RECIPROCAL DISCOVERY, WHICH INCLUDES ONLY THE

10  EVIDENCE THAT THE DEFENDANT INTENDS TO INTRODUCE

11  AS EVIDENCE IN CHIEF AT TRIAL WITHIN THOSE

12  CATEGORIES DESCRIBED IN THE RULE.

13      IF THE UNITED STATES SOUGHT IMPEACHMENT

14  EVIDENCE, OTHER THAN EVIDENCE INTENDED TO BE USED

15  AS EVIDENCE IN CHIEF AT TRIAL, IT WAS INCUMBENT

16  UPON THE UNITED STATES TO SO STATE WITH SUPPORTING

17  AUTHORITY.  THAT WAS NOT DONE.

18      THEREFORE, THE ORDER WITH RESPECT TO

19  RECIPROCAL DISCOVERY IS SIMPLY WHAT I HAVE BEEN

20  TRYING TO SAY THROUGH THE LAST HEARING AND THIS

21  HEARING, THAT IT WAS.  IT WAS AN ORDER TO DISCLOSE

22  THAT WHICH IS DEFINED AS RECIPROCAL DISCOVERY IN

23  FEDERAL RULE OF CRIMINAL PROCEDURE 16B.

24      I'M BEGINNING TO FEEL LIKE DR. SEUSS WRITING

25  HORTON HEARS A WHO.  I HAVE SAID WHAT I MEANT AND

1    I MEANT WHAT I SAID.  SO I HOPE I HAVE PUT THAT TO

2    REST.

3         NOW, LET'S MOVE ON TO THE ISSUE THAT'S BEFORE

4    US, WHICH IS, MR. HIRSCHHORN, TAPES 28, 29, 30 AND

5    17.  DO YOU INTEND TO USE ALL OR PORTIONS OF THEM

6    IN YOUR CASE IN CHIEF?  IF NOT, I DON'T HAVE TO

7    ADDRESS THEM, IS THE REASON I ASKED.

8         MR. HIRSCHHORN:  I MAY.  I CAN'T SAY NO, AND

9    I CAN'T SAY ABSOLUTELY YES.  I MAY.

10         THE COURT:  ALL RIGHT.  THEN WE SHOULD MAKE

11    SOME INQUIRY WITH RESPECT TO WHEN THEY CAME INTO

12    THE POSSESSION, CUSTODY, CONTROL OF YOU OR YOUR

13    CLIENT.

14         AND RECOGNIZING ALL OF THE PRIVILEGES THAT

15    ATTACH TO THAT QUESTION, I'LL ACCEPT FROM YOU

16    WHATEVER IT IS THAT YOU WISH TO PRESENT REGARDING

17    THAT.

18         MR. HIRSCHHORN:  YOUR HONOR, I'LL ANSWER THE

19    COURT'S QUESTION.  I MAY NEED TO CONSULT WITH MY

20    CLIENT.

21         THE COURT:  SURE.

22         MR. HIRSCHHORN:  IF WE DID THIS, I THOUGHT WE

23    WERE GOING TO DO IT IN CAMERA.

24         THE COURT:  WE MAY.  THAT'S PART OF WHAT I'M,

25    I GUESS, ASKING.

1      MR. HIRSCHHORN:  ALL RIGHT.  YOUR HONOR, DO I

2    HAVE TO CONCERN MYSELF WITH THE STATE OF THIS

3    RECORD IN TERMS OF THE GOVERNMENT'S COMPLAINT

4    ABOUT TIMELINESS, WHEN WE AGREED ON AN EXPERT THAT

5    THEY SELECTED A FORMER CIA AGENT?

6      I'M CONCERNED, BECAUSE I DIDN'T --

7    THE COURT:  TIMELINESS.  17 --

8    MR. HIRSCHHORN:  NO.  NO.

9    THE COURT:  OKAY.  I DON'T UNDERSTAND THE

10    TIMELINESS QUESTION.

11      MR. HIRSCHHORN:  WHEN THE GOVERNMENT

12    COMPLAINED THAT THEY THOUGHT THEY WERE PREJUDICED

13    BECAUSE THEY DIDN'T HAVE ENOUGH TIME TO GET THE

14    TAPES TO THEIR LABORATORY.

15    THE COURT:  I HAVE ALREADY RULED ON THAT.

16      MR. HIRSCHHORN:  OKAY.  SECONDLY, WE NEVER

17    ADDRESSED -- AND I THINK PERHAPS NOW, ALTHOUGH I

18    MIGHT HAVE TO TAKE AN APPEAL, BUT I THINK I SHOULD

19    AT LEAST PUT BEFORE THE RECORD THAT MY

20    UNDERSTANDING -- ON THE RECORD BEFORE THE COURT IS

21    THAT MY UNDERSTANDING IS THAT THE DEFENDANT'S

22    RIGHT TO PRESENT A DEFENSE IS A SLIGHTLY DIFFERENT

23    POSITION THAN THE GOVERNMENT, AND THAT THE COURTS

24    NEVER MECHANICALLY APPLY PROCEDURAL RULES TO BAR

25    DEFENDANT'S RIGHT TO PREVENT A DEFENSE, UNLESS THE

1   GOVERNMENT CAN SHOW PREJUDICE.

2       AND IN THIS CASE, PART OF THE REASON -- I WAS

3   TRYING TO FIGURE OUT WHAT TO DO ABOUT THE TAPES.

4   PART OF THE REASON I WAS SUPPLYING TRANSCRIPTS WAS

5   SO THEY COULD AT LEAST -- AND EXCERPTS -- SO THEY

6   COULD, AT LEAST, HAVE THE TRANSCRIPT, KNOW WHAT

7   I'M TALKING ABOUT, THINKING ABOUT, AND PRESENT IT

8   TO THE WITNESSES WHO HAVE NOT YET COME UP.

9       SO THAT -- TO MINIMIZE THEIR COMPLAINT OF

10  PREJUDICE AND NOT HAVING ADEQUATE TIME.  I JUST

11  WANTED TO PUT THAT ON THE RECORD.

12      THE COURT:  THAT'S FINE, MR. HIRSCHHORN.  YOU

13  RAISED A POINT, THOUGH, THAT I SHOULD ADDRESS,

14  WHICH IS THERE ARE -- THERE IS AT LEAST A

15  GOVERNMENT APPEAL FROM THE ORDER OF MAY 12.  I

16  DON'T KNOW.  THERE MAY BE, OR MAY BE FORTHCOMING A

17  DEFENSE APPEAL FROM THE ORDER OF MAY 12, AND IF

18  THE MATTERS THAT WE ARE HERE TO INQUIRE ABOUT ARE

19  THE SUBJECT OF AN APPEAL, THEN THIS HEARING IS

20  PREMATURE, BECAUSE IF JUDGE FAWSETT DETERMINES

21  THAT WHETHER OR NOT THERE WAS DISCLOSURE BEFORE OR

22  AFTER APRIL 1 MAKES NO DIFFERENCE, THEN YOU SHOULD

23  NOT BE PUT TO THE PROOF ON THAT.

24      SO IF THAT IS THE SUBJECT MATTER OF AN

25  APPEAL, OR IF IN CONTEMPLATION AS SUCH, BECAUSE

1   YOU STILL HAVE TIME, OBVIOUSLY, TO FILE IT, THEN

2   WE SHOULD POSTPONE THIS MATTER UNTIL SUCH TIME AS

3   IT'S HEARD.

4       MR. HIRSCHHORN:  THAT IS MY -- WITH ALL DUE

5   RESPECT, YOUR HONOR.

6       THE COURT:  NO.  THAT'S FINE.  THAT'S WHAT

7   THE RULES PROVIDE.  YOU'RE CERTAINLY ENTITLED TO

8   DO IT.  I DON'T HOLD THAT AGAINST ANYONE.

9       MR. HIRSCHHORN:  HOWEVER, OBVIOUSLY, I'M

10  STILL PROCEEDING TO FILE THROUGH TRANSCRIPTS AND

11  TAPES TO TRY TO COMPLY -- WE HAVE TO GET THEM INTO

12  THE GOVERNMENT'S HANDS REGARDLESS OF WHAT

13  ULTIMATELY HAPPENS.

14      I'M NOT INTENTIONALLY DELAYING AN APPEAL.

15  IT'S JUST THAT THERE ARE PRIORITIES.  I HOPE TO

16  GET THAT APPEAL FILED NO LATTER THAN FRIDAY.

17      THE COURT:  WELL, THEN WE WILL ADJOURN THIS

18  HEARING, AND HOLD THIS IN OBEYANCE PENDING THE

19  FILING OF AN APPEAL WITH RESPECT TO THAT ISSUE.

20      I'LL CHECK THE RECORD NEXT WEEK, AND ASSUMING

21  IT'S THERE, AND IT ADDRESSES THESE ISSUES, THEN WE

22  WILL WAIT UNTIL JUDGE FAWSETT RULES ON IT.  AND IF

23  IT'S NOT -- IF IT DOES NOT ADDRESS THESE ISSUES,

24  THEN I'LL RESCHEDULE YOU.

25      MR. HIRSCHHORN:  ALL RIGHT.  THANK YOU.

1    MS. HUNT:  JUDGE FAWSETT ASKED US TO RAISE

2  THE ISSUE WITH REGARD TO OUR PRIOR REQUEST FOR

3  THESE MATTERS FOR THE COURT TO CONSIDER THE

4  APPEAL.

5    WILL THE COURT PREPARE SOME TYPE OF AN ORDER,

6  OR MEMO, OR SOMETHING SO THAT JUDGE FAWSETT HAS

7  THE BENEFIT OF THE COURT'S CONSIDERATION OF THIS

8  ISSUE SO THAT THE APPEAL CAN PROCEED?

9    THE COURT:  WHICH ISSUE?

10    MS. HUNT:  JUDGE FAWSETT ASKED US TO BRING TO

11  THE COURT'S ATTENTION THE FACT THAT WE HAD

12  SPECIFICALLY REQUESTED, IN OUR PRIOR MOTION, THE

13  ORIGINALS OF THE TAPES TO BE DISCLOSED TO US,

14  INCLUDING FOR IMPEACHMENT MATERIAL.

15    SO I HAVE DONE THAT THROUGH THIS MOTION AND

16  THROUGH THIS HEARING.

17    THE COURT:  WELL, I HAVE RULED ON THE

18  MOTION.  I DID NOT UNDERSTAND THAT TO BE -- YOU

19  ASKED FOR A CLARIFICATION OF FOOTNOTE FOUR.  I

20  ISSUED AN ORDER THIS MORNING CLARIFYING FOOTNOTE

21  FOUR.

22    MS. HUNT:  I DON'T BELIEVE I --

23    THE COURT:  IF YOU ARE ALSO NOW ASKING ME TO

24  ISSUE SOMETHING --

25    MS. HUNT:  NO.

1    THE COURT:  -- SPECIFICALLY ADDRESSING WHAT I

2    UNDERSTOOD IMPEACHMENT TO MEAN IN YOUR ORDER, I

3    WILL HAVE THIS -- YOU SHOULD ORDER THIS HEARING

4    TRANSCRIBED.

5    MS. HUNT:  I HAD NOT RECEIVED A COPY OF THE

6    COURT'S ORDER THIS MORNING.  PERHAPS THAT COVERS

7    THE ISSUE THAT --

8    THE COURT:  WELL, IT DOESN'T COVER THAT

9    SECOND POINT.  SO YOU SHOULD ORDER A TRANSCRIPT OF

10   THIS HEARING.

11   MS. HUNT:  ALL RIGHT.

12   THE COURT:  ANYTHING ELSE WE CAN TAKE CARE OF

13   FOR THE UNITED STATES?

14   MS. HUNT:  NO, YOUR HONOR.

15   THE COURT:  FOR THE DEFENDANTS?

16   MR. HIRSCHHORN:  NO, YOUR HONOR.  JUDGE, I

17   APPRECIATE YOUR ACCOMMODATING US AND NOT HAVING

18   THE HEARING ON FRIDAY.

19   THE COURT:  WE WILL BE IN RECESS.

20   THE CLERK:  ALL RISE.

21   (WHEREUPON, THE HEARING WAS CONCLUDED AT 1:15

22   P.M.)

23

24

25

```
 1
 2                          CERTIFICATE OF OATH
 3
 4   STATE OF FLORIDA)
     COUNTY OF ORANGE)
 5
 6
 7          I, SANDRA A. MOSER, REGISTERED PROFESSIONAL
     REPORTER, CERTIFY THAT I WAS AUTHORIZED TO AND DID
 8   TRANSCRIBE THE CASSETTE TAPES OF THIS MATTER AND THAT
     THE TRANSCRIPT IS A TRUE RECORD.
 9
10
11          I FURTHER CERTIFY THAT I AM NOT A RELATIVE,
     EMPLOYEE, ATTORNEY OR COUNSEL OF ANY OF THE PARTIES,
12   NOR AM I FINANCIALLY INTERESTED IN THE ACTION.
13
14          DATED THIS 29TH DAY OF MAY, 1999.
15
16                    Sandra A. Moser
17          _____
18          SANDRA A. MOSER, R.P.R.
19          NOTARY PUBLIC- STATE OF FLORIDA
20
            MY COMMISSION NO._____
21          MY COMMISSION EXPIRES:
22
                 ┌─────────────────────────┐
23               │   SANDRA A. MOSER         │   _____
                 │ MY COMMISSION # CC 733210 │
                 │ EXPIRES: April 12, 2002   │
24               │ Bonded Thru Notary ...    │
                 └─────────────────────────┘
25
```