UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 98-99-Cr-Orl-19A

SHOLAM WEISS, et al.

## MEMORANDUM OF LAW IN SUPPORT OF ADMISSIBILITY OF GOVERNMENT SUMMARIES OF ADMITTED EVIDENCE

The United States of America, by the undersigned Assistant United States Attorney, hereby files its memorandum of law in support of the admissibility of its proposed summaries.

### Memorandum of Law

The government seeks to offer into evidence three types of summaries: 1) a series of summaries listing the charges contained in the indictment together with citation to related exhibits; 2) a comprehensive index of government exhibits admitted into evidence; and, 3) a summary listing the exhibit numbers of summary government exhibits. Each of these proposed summaries will assist the jury in its deliberations and are admissible under the authorities cited below. The issue before this Court is whether the proposed government summaries are Rule 1006 summaries, whether they are "pedagogical summaries" useable only for argument, or whether they are a blend of the two. The first type of summaries are admissible, the second are not, and the third are admissible if the court finds that their admission will assist the jury in understanding the evidence presented. The government contends that its proposed exhibits fall into the final category.

In United States v. Stephens, 779 F.2d 232 (5th Cir. 1985), the government introduced charts illustrating five counts of wire fraud and the related evidence; the admission of the charts was sustained on appeal. The court noted at p. 239 that "The fact that the underlying documents are already in evidence does not mean that they can be

'conveniently examined in court' [citation omitted]." The court continued its analysis, stating " The evidence was undisputably complex as it involved hundreds of exhibits...Examination of the underlying materials would have been inconvenient without the charts utilized by the government." The court noted that a cautionary instruction that the underlying documents, not the summaries, were the evidence cured any possible prejudicial effect.

In United States v. Scales, 594 F.2d 558, 562 (6th Cir. 1979), cert. denied, 441 U.S. 946 (1979) a government summary of the charges and related proof was found admissible: "With 161 exhibits, involving facts relevant to sixteen counts and twenty-one overt acts, comprehension of the exhibits would have been inconvenient without the charts utilized by the Government." At page 562, the court cited numerous authorities from a variety of circuits and noted : "The purpose of the summaries in these cases is simply to aid the jury in its examination of the evidence already admitted." In Scales only 161 exhibits were involved, yet the court observed "The facts of the case were complex. Thus the summary was likely to have been very helpful to the jury. The facts summarized were entirely objective, and...uncontested...The facts summarized did not even directly undermine appellant's theory of the case."

Similarly, here the defendants do not argue that the financial transactions, letters etc. identified in the government summaries did not occur; the defense of all defendants is their knowledge and intent with regard to the purposes and effects of the various transactions and transmittals, an issue completely unaddressed by the proposed exhibits.

So-called "pedagogical" summaries can themselves be admitted into evidence, when helpful to understanding of the jury, under Rule 611(a). Where such summaries are admitted, there should be a limiting instruction to the jury as to the chart's purpose and to

the effect that such summaries do not in themselves constitute evidence. <u>United States v. Paulina</u>, 935 F.2d 739 (6th Cir. 1991); <u>United States v. Bairdiella</u>, 854 F. Supp. 975, 1053 (D.C.N.J. 1994).

The government's proposed exhibits are not argumentative, conclusory or inaccurate. The jury here is confronted with over 1000 exhibits. The index of all exhibits will assist the jury in locating records and things for its review. The summaries which tie specific charges to specific records do not prejudice the defense, because the material issue is not whether those events occurred, but why, an issue unaddressed in the proposed summaries. The law permits the admission of this sort of summary on the discretion of the court. The Court should consider the task being presented to the trial jury here and whether, as the government contends, the proposed summaries will assist the trier of fact without undue prejudice to the defendants. If so, the Court can and should admit the government summaries.

Respectfully submitted,

CHARLES R. WILSON
United States Attorney

By: _____
Judy K. Hunt
Assistant United States Attorney
Senior Litigation Counsel
Florida Bar No. 309842
201 Federal Building
80 North Hughey Avenue
Orlando, Florida 38201
TEL 407/648-7500
FAX 407/648-7643

**United States of America v. Sholam Weiss, et al.**
**Case No. 98-99-Cr.-Orl-19A**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via FedEX delivery or United States mail this __2nd__ day of July, 1999, to the following:

Joel Hirschhorn, Esquire
Douglas Centre, Penthouse One
2600 Douglas Road
Coral Gables, FL 33134
Counsel for Sholam Weiss

Kenneth J. Kukec, Esquire
One Biscayne Tower No. 2600
Two South Biscayne Blvd
Miami, FL 33131-1802
Counsel for Jan R. Schneiderman

Samuel I. Burstyn, Esquire
One Biscayne Tower No. 2600
Two South Biscayne Blvd
Miami, FL 33131-1802
Counsel for Isack Rosenberg

Richard B. Herman, P.C.
1992 Commerce Street
Suite 207
P. O. Box 878
Yorktown Heights, NY 10598
Pro Se

Bruce A. Alter, Esquire
Clark D. Mervis, Esquire
2937 SW 27th Avenue, Suite 202
Miami, FL 33133
Counsel for Yaakov Stark

Edwin R. Ivy, Esquire
Post Office Box 3223
Orlando, FL 32802
Counsel for Keith Pound

John W. Dill, Esquire
1025 S. Semoran Blvd.
Suite 1093
Winter Park, FL 32792
Co-Counsel for Keith Pound

_____
Assistant United States Attorney