# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                                                                            Case No. 6:98-cr-99-Orl-19KRS

**SHOLAM WEISS, et al.**

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNITED STATES' AMENDED MOTION FOR FINAL ORDER OF FORFEITURE (Doc. No. 2248)**
>
> **FILED:**     **November 23, 2009**

## I. PROCEDURAL HISTORY.

Defendant Sholam Weiss was convicted after a trial by jury. Doc. No. 1267. The jury found that Weiss should also forfeit specifically named properties and money. Doc. No. 1276. The Court sentenced Weiss and ordered forfeiture of property and money. Doc. Nos. 1372, 2223, 2224.

On January 20, 2009, the Court entered a Preliminary Order of Forfeiture for Substitute Assets. The Court found that the United States was entitled as a matter of law to seek forfeiture of any assets belonging to Defendant Weiss in satisfaction of the forfeiture money judgments, including property located at 255 Viola Road, Monsey, New York ("Viola Road") and at 65 East Concord Road ("Concord Road"). Doc. No. 2137.

The United States sent notice of the Court's forfeiture order to Goldy Feig by certified mail. Doc. No. 2215 at 1; Doc. No. 2215-1 at 1. The United States also personally served Feig with a second copy of the Notice of Forfeiture on February 12, 2009. Doc. No. 2166. The Notice of Forfeiture advised Feig that any person having a claim of legal right, title or interest in any of the property subject to forfeiture must file a petition in this Court within thirty days of the receipt of written notice of the forfeiture. Doc. No. 2215 at 2, Doc. No. 2215-1 at 3. Accordingly, Feig's petition was due on or before March 23, 2009.

Paul Brenner, Esq., entered an appearance as counsel for Feig on March 4, 2009. Doc. No. 2164. The Court granted his request to appear specially in this case on March 23, 2009, after he designated a member of the bar of this Court as his local counsel. Doc. Nos. 2173, 2174. Despite entering an appearance, Brenner did not file a petition on Feig's behalf, and Feig did not otherwise file a petition claiming an interest in the Viola Road or Concord Road properties.

On May 29, 2009, the United States filed motion for entry of a final order of forfeiture as to the Viola Road and Concord Road properties. Doc. No. 2206. The Notice of Electronic Filing reveals that Brenner and his local counsel received a copy of the motion. Thus, even though the motion was later withdrawn, Doc. No. 2212, counsel for Feig was again given notice of the proposed forfeiture of the Viola Road and Concord Road properties.

On June 19, 2009, Attorney Brenner filed a motion for leave to file a late claim on behalf of Feig, and a petition on Feig's behalf. Doc. Nos. 2217, 2218. The petition was stricken because it was filed without leave of Court. Doc. No. 2243. The United States opposed the motion for leave to file a belated claim. Doc. No. 2219. After a hearing, I found that Feig, through Brenner, had established exclusable neglect for the untimely filing because Brenner had been diagnosed with and was seeking

treatment for a serious illness during the time that the petition was due. Doc. No. 2247.[1]  On November 16, 2009, I ordered Feig to file her petition on or before November 20, 2009. *Id.*  The Notice of Electronic Filing reflects that Brenner and his local counsel received a copy of this order at 2:28 p.m. on November 16, 2009.

Even though Brenner had previously prepared a petition that Feig had signed, Doc. No. 2218, he did not refile this petition on or before November 20, 2009.  On November 23, 2009, the United States filed an amended motion for a final order of forfeiture as to the Viola Road and Concord Road properties.  Doc. No. 2248.  In response to this motion, Brenner filed a petition on behalf of Feig. Doc. No. 2251.  The petition, which is signed by Feig, is in all material respects the same as the petition filed on June 19, 2009.  *Compare* Doc. No. 2216 *with* Doc. No. 2251.

In response to the motion for entry of a final order of forfeiture as to the Viola Road and Concord Road properties, Attorney Brenner again requests that the Court find that his failure to file Feig's petition on or before November 20, 2009, as ordered by the Court, was the result of excusable neglect.  Doc. Nos. 2249, 2250, 2251, 2255.  The Court permitted the United States to file a reply to the response.  Doc. No. 2254.  Accordingly, the issue is ripe for review.

---

[1] I expressed concern during the hearing, however, about local counsel's failure to make sure that the deadline was met.

## II. APPLICABLE LAW.

Rule 6(b) of the Federal Rules of Civil Procedure provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court has observed in the *Pioneer* case that "[a]lthough inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether neglect is excusable is a decision made within the Court's discretion after considering the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.* at 395. After the *Pioneer* decision, the United States Court of Appeals for the Eleventh Circuit found that an attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998-99 (11th Cir. 1997).

## III. ANALYSIS.

Brenner asserts that excusable neglect exists because the failure to file the petition within the time required by the Court's order resulted from his absence from the office and the incorrect address on the overnight delivery package containing the petition. Brenner filed his affidavit and a copy of a petition signed by Feig on November 18, 2009 in support of his position.

Brenner avers that on November 16, 2009, he prepared a new petition which he sent to Feig by Federal Express with instructions to sign and return the document to Brenner by November 19, 2009. Doc. No. 2250 ¶ 7. Brenner did not come to his office in New York City on November 19, 20 or 23, 2009, because he was in trial in White Plains, New York. *Id.* ¶ 6. He, nevertheless, "believed this new petition had been filed timely on Friday . . . ." *Id.* ¶ 8. He provided no evidentiary support for this belief, such as an affidavit of another lawyer or legal assistant tasked with filing the petition when it was received from Feig. Brenner also did not address why he did not simply cause the previously filed petition, which had been stricken because it was filed without leave of Court, to be refiled before he left for the trial.

Brenner avers that he did not learn until he arrived at his office on November 24, 2009, that the signed petition was not delivered until 12:07 p.m. on November 23, 2009. *Id.* ¶ 9.[2] He provided a print out of a Federal Express tracking notice showing that shipment information was sent to Federal Express on November 18, 2009 at 6:23 p.m. A package was picked up in Mahwah, New Jersey at 5:45 p.m. on November 19, 2009, and a delivery attempt was made at 8:36 a.m. on November 20, 2009, but the address was incorrect. Doc. No. 2250 at 5. The Federal Express package was addressed to Paul S. Brenner, Law office of Paul Brenner, 1 Broadway Ste 306, New York, NY 10004. The correct address for Brenner's law office is 401 Broadway, Suite 306, New York, NY 10013. *Id.* at 6. There is no evidence about how the package came to be incorrectly addressed.

---

[2] He contends, in a footnote, that with extra time for mailing, the petition would have been timely if filed by November 25, 2009. Doc. No. 2250 at 3 n.1. This argument is erroneous as a matter of law. When a date for filing is established by Court order, no additional time for mailing is permitted. *See, e.g., Castleberry v. CitiFinancial Mortgage Co.*, 230 F. App'x 352, 356-67 (5th Cir. 2007)(unpublished opinion cited as persuasive authority).

Turning to the factors discussed in *Pioneer*, I find that the delay was within the reasonable control of Brenner and Feig. Feig had already signed a petition in substantially the same form as the petition filed on November 24, 2009, and there is no showing why Brenner could not simply have refiled it. There is also no evidence about who Brenner had tasked with filing the new petition when it was received or why that person did not alert Brenner after trial on November 20, 2009, when the package had not arrived, so that he could file a motion for enlargement of time during the evening of November 20, 2009. Finally, there is no evidence about who erroneously addressed the Federal Express package.

The petition was filed only two business days after the extended date provided by the Court for filing the petition. Under these circumstances, there is no impact on the judicial proceeding other than the need to determine whether Attorney Brenner's neglect can, again, be found to be excusable.

There is no prejudice to the United States by the two-business-day delay in filing the petition.

Whether Brenner and Feig acted in good faith in the belated filing of the petition may require the Court to consider whether Feig has a meritorious claim. Feig avers in the petition that Defendant Weiss deeded all right, title and interest "in the property," apparently referring to the Viola Road home, when they formally separated on October 26, 1989. Doc. No. 2251 ¶ 6. She does not present any averment regarding the source of the funds used to purchase the property or the consideration provided for the deed, which is necessary to establish that she was a bona fide purchaser for value of the properties. The United States avers that Defendant Weiss testified during his trial that he still owned the Viola Road property. *See* Doc. No. 2132-1 ¶ 36. Feig asserted the Fifth Amendment privilege in a deposition taken in a civil proceeding brought by the Receiver of National Heritage Life

Insurance Company and refused to answer questions about the transfer of the Viola Road property. *Id.* ¶ 38.

Feig avers that she purchased the Concord Road property in 1994 for her parents, Doc. No. 2251 ¶ 8, but she does not state the source of the funds used to purchase this property. The United States avers that the purchase money came from an escrow account of an attorney used by Defendant Weiss. Doc. No. 2132-1 ¶ 42. Once again, Feig asserted her Fifth Amendment privilege during the deposition in the civil case in response to questions regarding the purchase of the Concord Road property. *Id.* ¶ 43.

The good faith basis for Feig's claim is undermined by the evidence relied on by the United States. Feig has not yet had an opportunity to test that evidence in a proceeding before a court, however.

As noted above, the failure timely to file her petition was within the reasonable control of Feig and Attorney Brenner. There is, however, not a significant impact on the judicial proceedings, or any prejudice to the United States as a result of the two-business-day delay in filing the petition. Feig has not alleged sufficient facts to show that she is a bona fide purchaser for value of either property. As such, the Court would be within its discretion to deny the petition as untimely filed, or to permit the petition to proceed to the merits. Under these circumstances, I recommend that the Court carry the issue of the timeliness of the petition with the case and allow the petition to proceed to a evidentiary hearing.

## IV. RECOMMENDATION.

Accordingly, I respectfully recommend that the United States' Amended Motion for Final Order of Forfeiture (Doc. No. 2248) be **DENIED** without prejudice, and that Feig's petition be set for an evidentiary hearing on a schedule established by the Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Orlando, Florida on this 4th day of February, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Attorney
Counsel for Claimant Feig