UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                      Case No. 6:98-cr-99-Orl-19KRS

**SHOLAM WEISS, et al.**

_____

# ORDER

This case comes before the Court on the following:

1. Amended Motion for Final Order of Forfeiture by the United States of America (Doc. No. 2248, filed Nov. 23, 2009);

2. Amended Response in Opposition to Government's Motion by Goldie Feig (Doc. No. 2250, filed Nov. 24, 2009);

3. Petition of Innocent Ownership Pursuant to 18 U.S.C. § 853(n) by Goldie Feig (Doc. No. 2251, filed Nov. 24, 2009);

4. Report and Recommendation of the United States Magistrate Judge as to the Amended Motion for Final Order of Forfeiture (Doc. No. 2260, filed Feb. 4, 2010); and

5. Objection to Report and Recommendation by the United States of America (Doc. No. 2264, filed Feb. 18, 2010).

## Background

Defendant Sholam Weiss was convicted of various crimes after a trial by jury. (Doc. No. 1267, filed Nov. 1, 1999.) The jury found that Weiss should forfeit specifically named properties

and money. (Doc. No. 1276, filed Nov. 2, 1999.) The Court sentenced Weiss and ordered forfeiture of property and money. (Doc. No. 2223, filed July 16, 2009.) On January 20, 2009, the Court entered a Preliminary Order of Forfeiture for Substitute Assets. (Doc. No. 2137.) The Court found that the Government was entitled to seek forfeiture of any assets belonging to Defendant Weiss in satisfaction of the forfeiture money judgments, including real property located at 255 Viola Road, Monsey, New York ("Viola Road") and at 65 East Concord Road, Monsey, New York ("Concord Road"). (*Id.* at 1-2.)

On January 20, 2009, the Government sent notice of the Court's forfeiture order to Goldie Feig by certified mail. (Doc. No. 2215 at 1, filed June 15, 2009; Doc. No. 2215-1 at 1.) The Government also personally served Feig with a copy of the Notice of Forfeiture on February 12, 2009. (Doc. No. 2166, filed Mar. 5, 2009.) The Notice of Forfeiture advised Feig that any person having a claim of legal right, title, or interest in any of the property subject to forfeiture must file a petition in this Court within thirty days of the receipt of written notice of the forfeiture. (Doc. No. 2215 at 2, Doc. No. 2215-1 at 3.) Accordingly, Feig's petition was due on or before March 23, 2009.

Paul Brenner, Esq., entered an appearance as counsel for Feig on March 4, 2009. (Doc. No. 2164.) The Court granted his request to appear specially in this case on March 23, 2009, after he designated a member of the bar of this Court as his local counsel. (Doc. Nos. 2173, 2174.) Despite entering an appearance, Brenner did not timely file a petition on Feig's behalf, and Feig did not otherwise timely file a petition claiming an interest in the Viola Road or Concord Road properties.

On May 29, 2009, the Government filed motion for entry of a final order of forfeiture as to the Viola Road and Concord Road properties. (Doc. No. 2206.) The Notice of Electronic Filing

shows that Brenner and his local counsel received a copy of the motion. Thus, even though the motion was later withdrawn, (Doc. No. 2212), counsel for Feig was again given notice of the proposed forfeiture of the Viola Road and Concord Road properties.

On June 19, 2009, Brenner filed a motion for leave to file a late claim on behalf of Feig and a petition on Feig's behalf. (Doc. Nos. 2216-17.) The petition was stricken because it was filed without leave of Court. (Doc. No. 2243, filed Oct. 22, 2009.) The Government opposed the motion for leave to file a belated claim. (Doc. No. 2219, filed July 6, 2009.) United States Magistrate Judge Karla R. Spaulding held a hearing and found that Feig, through Brenner, had established excusable neglect for the untimely filing because Brenner had been diagnosed with and was seeking treatment for a serious illness during the time that the petition was due. (Doc. No. 2247.) On November 16, 2009, the Magistrate ordered Feig to file a petition on or before November 20, 2009. (*Id.* at 2.) The Notice of Electronic Filing reflects that Brenner and his local counsel received a copy of the Magistrate's Order at 2:28 p.m. on November 16, 2009.

Feig did not file a petition on or before November 20, 2009. On November 23, 2009, the Government filed an Amended Motion for a Final Order of Forfeiture as to the Viola Road and Concord Road properties ("Amended Forfeiture Motion"). (Doc. No. 2248.) On November 24, 2009, Brenner filed a Petition of Innocent Ownership ("Petition") on behalf of Feig. (Doc. No. 2251.) The Petition, which is signed by Feig, is in all material respects the same as the petition filed on June 19, 2009. (*Compare* Doc. No. 2216, *with* Doc. No. 2251.)

In response to the Amended Forfeiture Motion, Feig again requested that the Court find that her failure to file the Petition on or before November 20, 2009, as ordered by the Court, was the result of excusable neglect. (Doc. No. 2250, filed Nov. 24, 2009; Doc. No. 2255, filed Dec. 17,

2009.) The Government filed a reply to the response. (Doc. No. 2254, filed Dec. 15, 2009.) On February 4, 2010, the Magistrate entered a Report and Recommendation, recommending that: (1) the Government's Amended Motion for Final Order of Forfeiture be denied without prejudice; (2) the issue of the timeliness of the Petition be carried with the case; and (3) the Court hold an evidentiary hearing on the Petition. (Doc. No. 2260 at 6-8.) The Government filed timely objections to the Report and Recommendation. (Doc. No. 2264.) As of the date of this Order, Feig has not filed a response to the Government's objections.

**Standard of Review**

**I. Failure to Meet Filing Deadline**

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party has failed to act because of excusable neglect." The United States Supreme Court has observed that "[a]lthough inadvertence, ignorance of the rules or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether neglect is excusable is a decision made within the Court's discretion after considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395; *Advanced Estimating Sys., Inc. v. Riney* (*Riney II*), 130 F.3d 996, 997-98 (11th Cir. 1997); *Advanced Estimating Sys., Inc. v. Riney* (*Riney I*), 77 F.3d 1322, 1325 (11th

Cir. 1996). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Riney I*, 77 F.3d at 1325; *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (noting that the Supreme Court in *Pioneer* "accorded primary importance" to these two factors). An attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable. *Riney II*, 130 F.3d at 998-99.

## II. Objection to a Report and Recommendation of a United States Magistrate Judge

A party seeking to challenge the findings in a Report and Recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a de novo review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1) (2010). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

## Analysis

On November 16, 2009, Feig was ordered to file a petition on or before November 20, 2009. (Doc. No. 2247 at 2.) Feig did not file the Petition until November 24, 2009. (Doc. No. 2251.) Thus, Feig must show excusable neglect for the delay. Fed. R. Civ. P. 6(b)(1)(B).

In support of showing excusable neglect, Brenner avers that on November 16, 2009, he prepared a "new petition" which he sent to Feig by Federal Express with instructions to sign and

return the document to Brenner by November 19, 2009. (Doc. No. 2250 ¶ 7.) Brenner maintains that he did not come to his office in New York City on November 19, 20, or 23, 2009, because he was in trial in White Plains, New York. (*Id.* ¶ 6.) However, Brenner asserts that he "believed this new petition had been filed timely on [November 20]." (*Id.* ¶ 8.) As noted by the Magistrate, Brenner provides no evidentiary support for this belief, such as an affidavit of another lawyer or legal assistant tasked with filing the petition when it was received from Feig. Brenner also does not address why he did not simply cause the previously filed petition, which had been stricken because it was filed without leave of Court, to be refiled before he left for the trial.

Brenner avers that he did not learn until he arrived at his office on November 24, 2009, that the signed Petition was not delivered until 12:07 p.m. on November 23, 2009.[1] (*Id.* ¶ 9.) He provides a print out of a Federal Express tracking notice showing that shipment information was sent to Federal Express on November 18, 2009 at 6:23 p.m. A package was picked up in Mahwah, New Jersey at 5:45 p.m. on November 19, 2009, and a delivery attempt was made at 8:36 a.m. on November 20, 2009, but the address was incorrect. (Doc. No. 2250 at 5.) The Federal Express package was addressed to Paul S. Brenner, Law Office of Paul Brenner, 1 Broadway Ste 306, New York, NY 10004. The correct address for Brenner's law office is 401 Broadway, Suite 306, New York, NY 10013. (*Id.* at 6.) There is no evidence in the record regarding how the package came to be incorrectly addressed.

---

[1] The Magistrate properly rejected Feig's claim that extra time should have bene provided due to mailing because no additional time for mailing is permitted when a date for filing is established by a court order. *See, e.g.*, *Castleberry v. CitiFinancial Mortgage Co.*, 230 F. App'x 352, 356-57 (5th Cir. 2007); *Curran v. AMI Fireplace Co. Inc.*, 163 F. App'x 714, 718 (10th Cir. 2006).

The Magistrate applied the factors set forth in *Pioneer* and recommended that the Court deny the Amended Forfeiture Motion, carry the issue of the timeliness of the Petition with the case, and set the Petition for an evidentiary hearing. (Doc. No. 2260 at 6-8.) The Government objects to the Magistrate's Report and Recommendation, arguing that Feig is not entitled to an evidentiary hearing on her untimely Petition for Innocent Ownership because she failed to show both excusable neglect and a meritorious claim or defense. (Doc. No. 2264 at 4.) The Government also argues that the Magistrate incorrectly concluded that the Government was not prejudiced by the four-day delay in the filing of the Petition. (*Id.* at 6.)

The Government cites *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993), for the proposition that a party seeking to establish excusable neglect must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Id.* at 783 (citing *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)). This case and others cited by the Government[2] do not apply the flexible, multi-factored, totality-of-the-circumstances standard articulated by the Supreme Court in *Pioneer* and are no longer controlling precedent. *See Riney I*, 77 F.3d at 1325 ("To the extent that our past decisions interpreting excusable neglect apply an unduly strict standard in conflict with *Pioneer*, they are no longer controlling precedent."); *id.* ("[N]othing about *Pioneer* changed the excusable neglect standard into a mechanical one devoid of any room for the exercise of discretionary judgment."). With these principles in mind, the Court addresses each of the four factors set forth in *Pioneer*.

---

[2] *E.g.*, *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132-33 (11th Cir. 1986).

### A. Danger of Prejudice to the Government

The Government disputes the Magistrate's finding that it was not prejudiced by the four-day delay in the filing of the Petition. (Doc. No. 2264 at 4, 6.) In support of its argument, the Government asserts that it has been nearly one year since a petition was initially due and that Feig has never filed a timely petition. (*Id.* at 6.) The one-year delay claimed by the Government is partially due to the excusable neglect arising from the illness of Feig's counsel, and in the interest of fairness and finding no contrary authority, that time will not be counted as prejudicial to the Government. Although the untimely filed Petition created a delay in the case, the Government has not shown how it has been prejudiced by this delay other than asserting that it has been required to file additional motions and responses on the issue of timeliness. In addition, the Government does not allege, and the Court has found no evidence in the record, that the value of the real properties at issue has been diminished by the delay or that the Government's interests in the properties has otherwise been affected by the delay. *Cf. United States v. White 1981 Race Corvette*, 704 F. Supp. 872, 878 (N.D. Ind. 1989) (finding prejudice to the government where it had incurred monthly expenses storing a seized automobile while the claimant failed to come forward). Thus, the Court finds no prejudice to the Government from the four-day delay caused by the untimely filed Petition, and this factor supports a finding of excusable neglect.

### B. The Length of the Delay and Its Potential Impact on the Proceedings

The filing of the Petition four days late had little, if any, impact on these proceedings. This case is over a decade old, and there are numerous forfeitures pending. (*See, e.g.*, Doc. No. 2137 at 1-2, Doc. No. 2262 at 1-2.) As to the instant forfeitures, Feig asserts interests in two parcels of residential real property on which she and her mother allegedly reside, and in the interest of justice,

this matter should be tried on its merits. (Doc. No. 2251 ¶¶ 1, 8.) Accordingly, this factor weighs in favor of finding excusable neglect for the untimely filing of the Petition.

**C. The Reason for the Delay, Including Whether It Was Within Feig's Reasonable Control**

The delay here was within the reasonable control of Feig. On June 16, 2009, Feig signed a petition that is in substantially the same form as the instant Petition, and there is no showing why Feig could not simply have refiled the June 2009 petition. (*Compare* Doc. No. 2216, *with* Doc. No. 2251.) There is also no evidence showing who Brenner had tasked with filing the Petition when it was received by his office or why that person did not alert Brenner on November 20, 2009, that the Petition had not yet arrived so that he could file a motion for enlargement of time. Similarly, Feig offers no explanation why her local counsel could not have filed a motion for enlargement of time. Although the erroneous address on the package containing the Petition was the principal cause of the delay, Feig was reasonably in control of the situation and must be attributed responsibility for the delay. Accordingly, this factors weighs against finding excusable neglect.

**D. Whether Feig Acted in Good Faith**

The Magistrate correctly noted in the Report and Recommendation that the issue of whether Feig is proceeding in good faith depends in part upon the merits of the Petition and that the merits of the Petition are disputed. *See Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (raising a frivolous claim does not demonstrate good faith). However, the United States concedes in its objection to the Report and Recommendation that Feig's "repeated delinquent filings do not constitute bad faith." (Doc. No. 2264 at 6.) In light of this concession by the United States and the disputed factual issues raised in the Petition concerning Feig's interests in the Viola Road

and Concord Road properties, this factor weighs in favor of finding excusable neglect and addressing the Petition on the merits. (*See* Doc. No. 2251 at 1-3 (asserting that Feig is the sole owner of both properties).)

Having considered each of the four *Pioneer* factors, the Court finds that there is excusable neglect for the untimely filing of the Petition. Accordingly, the Petition is deemed lawfully filed, and an evidentiary hearing should be held on the merits of the Petition.

### Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Objection to Report and Recommendation by the United States of America (Doc. No. 2264) is **OVERRULED**, and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 2260) is **ADOPTED in part** and **OVERRULED in part**. The Report and Recommendation is **OVERRULED** as to carrying the issue of the timeliness of the Petition with the case. There was excusable neglect for the untimely filing of the Petition. The Report and Recommendation is **ADOPTED** in all other respects.

2. The Amended Motion for Final Order of Forfeiture by the United States of America (Doc. No. 2248) is **DISMISSED** without prejudice.

3. This matter is referred to the U.S. Magistrate for evidentiary hearing on the merits of Feig's Petition of Innocent Ownership (Doc. No. 2251). The date and time of this evidentiary hearing shall be set by the Magistrate by separate notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record